## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
### Published only in the Abstract

No. 397

POLK et v. CLEVELAND RY. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6022.   Decided April 4, 1925.

Judges Hughes and Warden of 3rd Dist. and Roberts of 7th Dist., sitting by designation.

**297. CONTRACT—Between Union and Railway Co. under which company is prohibited from hiring non-union men, is void, as being against public policy.**

BY THE COURT.

This action was taken up on appeal from the Cuyahoga Common Pleas. It was instituted by William Polk and others on behalf of the Amalgamated Association of Street and Electric Railway Employees of America. Division 268, against the Cleveland Railway Co. It was contended by the Union that the Company had entered into a contract with it and had been operating under it for the past 15 years, changes having been made and terms extended from time to time, until they are now in effect until May 1, 1925.

In May 1924 the Union demanded among other things, that there be an increase in pay for the employees and more time be allowed in which to make out accident reports. The Union's demands were not acceded to by the Company, which resulted in the selection of arbitrators under the terms of the contract to settle the dispute. The Union selected two members, and the company two, these four then selecting a fifth or key arbitrator, one Holcomb. An award was made in which the increase in pay was given, but the arbitrators selected by the Company, had withdrawn from the proceedings.

The Company refused to comply with the award on the following grounds (1) That the contract under which the parties had been operating was illegal and void as being against public policy, (2) Provisions in contract called for a common law arbitration at best, and the award had, was not binding, because it withdrew from the proceeding before there had been an actual award by the board; (3) That there was fraud in behalf of the Union in the selection of the fifth arbitrator, it being claimed that he was prejudiced against the company and in sympathy with the Union. It was con-

tended by the Union that even if the contract was illegal it was severable in its terms so that the provisions for arbitration would be valid and enforcible. The Court of Appeals held:

1. Contracts by which an employer agrees to employ only union labor, are contrary to public policy when they take in an entire industry of any considerable proportions in a community, so that they operate generally in that community to prevent or seriously deter craftsmen from working at their craft or workmen from obtaining employment under favorable conditions without joining a union.

2. When the terms, nature and purposes of a contract show that it was intended by the parties that each and all of its parts, material provisions and consideration, are common to each other and interdependent, it is to be considered an entire contract. The contract here involved comes within the rule.

3. In a common law arbitration either party may withdraw therefrom any time before the award has actually been made. In this case the Company did withdraw before the actual award was made, and that disposes of this question.

4. The award could not be held to be binding upon the company, because of the fact that in selecting Holcomb there was a legal fraud, as shown in regard to his relation to the Union, and his attitude toward both parties.

Judgment will be for the Railway Co. Motion of the Union for new trial overruled.

Attorneys—Day & Day for Union; Squire, Sanders & Dempsey for Company; all of Cleveland.